WEINBERG, ROGER & ROSENFELD
ASHLEY K. IKEDA 2955-0
JERRY P.S. CHANG 6671-0
Central Pacific Plaza
220 South King Street, Suite 901
Honolulu, Hawaii 96813
Telephone No.: (808) 528-8880
Facsimile No.: (808) 528-8881
e-mail: aikeda@unioncounsel.net
          jchang@unioncounsel.net

Attorneys for Plaintiffs TRUSTEES OF THE
HAWAII TAPERS' TRUST FUNDS

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII TAPERS' TRUST FUNDS (*Hawaii Tapers Annuity Trust Fund*; *Hawaii Tapers Health & Welfare Trust Fund*; *Hawaii Market Recovery Fund*; *Hawaii Tapers Retiree Health Reimbursement Fund, and Hawaii Tapers Vacation Fund,* by their trustees, Vincent Nihipali, Ryden Valmoja, Anacleto Alcantra, John D. Frigillana, Jr., Michael Mazzone, Mario Manrique Garcia, Jr., Barbara Kono and Joseph Gonsalves; and *District Council 50 Joint Apprenticeship and Training Trust Fund,* by their Trustees, Ronald Yanagi, Dean M. Nagatoshi, Ryden Valmoja, Alberto Donios, Jr., Vincent Nihipali, Barbara Kono, | CIVIL NO. _____<br><br>**COMPLAINT FOR SPECIFIC PERFORMANCE, ASSUMPSIT AND DAMAGES; EXHIBITS "1" - "3"; SUMMONS** |

| | |
|---|---|
| John D. Frigillana, Joseph Gonsalves, Malcolm Kaleo Nakamura, Mark Matsubara, Pelenato Lui-Yuen, Douglas Kema, Jr., Carl Seyfer, Al Linton, Dwayne Arelliano, and Orlando Gante), | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) |
| REGINALD S. LEITE, JR., individually, and doing business as RSL DRYWALL, | ) ) ) ) |
| Defendant. | ) ) |

## COMPLAINT FOR SPECIFIC PERFORMANCE, ASSUMPSIT AND DAMAGES

Come now Plaintiffs above-named by their attorneys, Weinberg, Roger & Rosenfeld, and for Complaint against Defendant above-named allege and aver as follows:

## FIRST CAUSE OF ACTION (SPECIFIC PERFORMANCE)

1.     Plaintiffs are the Trustees of the Hawaii Tapers Annuity Trust Fund, Hawaii Tapers Health & Welfare Trust Fund, Hawaii Market Recovery Fund, Hawaii Tapers Retiree Health Reimbursement Fund, Hawaii Tapers Vacation Fund, and District Council 50 Joint Apprenticeship and Training Trust Fund (hereinafter "Trust Funds").

2

2.    This action arises under the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974, and the Multiemployer Pension Plan Amendments Act of 1980, as hereinafter more fully appears. Jurisdiction is founded on questions arising thereunder and more specifically under 29 U.S.C. §§ 185(a), 1145, and 1132(a) and (f).

3.    At all times material herein, each of the above-named Trust Funds and Plan (collectively "Plaintiffs") was, and now is, an employee benefit plan organized and existing under the laws of the United States and whose principal offices are in the City and County of Honolulu, State of Hawaii.  At all times herein mentioned, each of the above-named Trust Funds was, and now is, an express trust created by a written trust agreement subject to and pursuant to Section 302 of the Labor-Management Relations Act (29 U.S.C. § 186) and, with the exception of Hawaii Market Recovery Fund, a multiple employer benefit plan within the meaning of Sections 3 and 4 of the Employee Retirement Income Security Act (29 U.S.C. §§ 1002 and 1003).

4.     Plaintiffs are informed and believe, and thereon allege, that at times relevant herein Defendant REGINALD S. LEITE, JR., individually, and doing business as RSL DRYWALL, was, and is now, a Hawaii resident, doing business in the State of Hawaii.

5.     At all times material, REGINALD S. LEITE, JR., individually, and doing business as RSL DRYWALL (hereinafter "Defendant"), has been an employer within the meaning of Section 3(5) and Section 515 of ERISA (29 U.S.C. §§ 1002(5), 1145), and an employer in an industry affecting commerce within the meaning of Section 301 of the LMRA (29 U.S.C. § 185).

6.     On or about February 7, 2017, Defendant became signatory to a collective bargaining agreement between the Hawaii Wall & Ceiling Industry Association of Hawaii (the "Association") and the International Brotherhood of Painters and Allied Trades Drywall Tapers, Finishers & Allied Workers Local Union 1944 AFL-CIO (the "Union") for the period covering January 1, 2015 to December 31, 2019.  A true copy of said Agreement is attached hereto as Exhibit "1" and is incorporated herein by reference.  A true copy of the Letter Agreement binding Defendant to said

Agreement executed by Defendant, is attached hereto as Exhibit "2" and incorporated herein by reference.  Said Agreement by its terms incorporated the various Trust Agreements establishing each of Plaintiffs' trusts.  By said agreement(s), Defendant promised to contribute and pay to the Trust Funds and Plan (hereinafter collectively referred to as "Trust Funds" or "Plaintiffs") certain amounts for employee benefits, for work performed by said Defendant's covered employees, which amounts would be paid to the Trust Funds on or before the due dates as specified in said agreement(s).

7.     By said agreement(s), the Defendant promised to submit timely reports to the Trust Funds regarding hours worked by Defendant's covered employees, which reports would be submitted to the Trust Funds on or before the due dates as specified in said agreement(s), to permit audits of its payroll records to allow Plaintiffs to ascertain whether all contributions due have been paid, and to post a surety bond or cash-in-escrow (amount equal to Defendant's last three (3) months of contributions or $1,000.00, whichever is greater) to secure payment or contributions if required

by each of the Trust Funds.

8.   By said agreement(s), Defendant agreed to be subject to and bound by all terms and conditions of the various trust agreements, and further promised that in the event any monthly contributions were not paid when due, Defendant would pay to each trust fund liquidated damages in the amount of five percent (5%) of the contributions due to each respective fund or tem dollars ($10.00), whichever is greater, for each and every delinquent monthly contribution as provided by said agreement(s), for each delinquency as and for liquidated damages and not as a penalty.

9.   By virtue of said agreement(s) and 29 U.S.C. §1132(g), Plaintiffs are entitled to an award of liquidated damages equivalent to interest at the rate prescribed under 26 U.S.C. §6621, on any unpaid contributions, such amount to be in lieu of the above-mentioned liquidated damages, if such amount is greater than the above-mentioned liquidated damages.

10.   By virtue of 29 U.S.C. § 1132(g), Plaintiffs are entitled to an award of interest at the rate under 26 U.S.C. § 6621, on any unpaid contributions.

11.   By said agreement(s), the Plaintiffs are authorized and empowered to have authorized representatives of the Plaintiffs' Administrative Office examine and audit the payroll books and records of Defendant to permit Plaintiffs to determine whether the Defendant is making full payment as required under said agreement(s).

12.   Plaintiffs have notified Defendant and have demanded that Defendant submit timely payments and reports, but said Defendant has failed, neglected and refused to do so.

13.   Defendant now continues to fail, neglect and refuse to submit timely payments and reports, and it will continue to do so unless ordered to specifically perform the agreement(s) submit timely payments and reports.  Plaintiffs have no plain, speedy and adequate remedy at law in that the reports must be prepared by Defendant, thus said Defendant's continued refusal to submit timely payments and reports will give rise to a multiplicity of suits unless Defendant is ordered to submit timely payments and reports pursuant to said agreement(s).

## SECOND CAUSE OF ACTION
## (ASSUMPSIT AND DAMAGES)

14.   Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in Paragraphs 1 through 13 of the First Cause Of Action hereinabove set forth.

15.   By said written agreement(s), Defendant agreed that payment of employee benefit contributions to the various Trust Funds would be based upon the total number of hours worked by each covered employee.  Defendant employed workers covered by the provisions of said written agreement(s), and said workers performed work and labor undertaken by Defendant during the time said agreement(s) were in full force and effect.

16.   Defendant 's delinquencies to the Plaintiffs are as follows:

   a.  Contributions (8/18 – 5/19 report):    $40,048.49

   b.  Liquidated Damages (8/18 – 5/19 report):  $ 2,290.75

   c. Interest (to 6/26/19):    <u>$   868.35</u>

                     TOTAL:  $43,207.59

A chart detailing the monthly contributions and liquidated damages amounts due to Plaintiffs for said August 2018 – May 2019 report period is attached hereto as Exhibit "3".  Interest continues to

accrue on the contributions after June 26, 2019 at $6.58 per diem, attorney's fees and costs for said report periods are also due.

17.   Defendant may owe Plaintiffs additional monetary payments for Defendant's covered employees, the amount of which is unknown at this time because Defendant has neglected and refused to allow said audit and submit timely reports to the aforesaid Trust Funds.  If such moneys are owed, said amounts, together with liquidated damages as provided in said agreement(s), are presently due and owing and have not been paid.

18.   Defendant's obligations to Plaintiffs, pursuant to said agreement(s), to make contributions are continuing obligations and Defendant may accrue and owe additional amounts plus liquidated damages up to the time of trial or proof.

19.   At all times herein mentioned, it was, and now is, impracticable and extremely difficult to fix the amount of actual damages to Plaintiffs as a result of the non-payment of said contributions.  The amounts agreed upon herein, as hereinbefore alleged, as and for liquidated damages, represented and now represent a reasonable endeavor to ascertain and compensate for

the damages caused the Plaintiffs by the non-payment of said contributions.

20.   By said agreement(s), Defendant further promised that if it became necessary for Plaintiffs to take legal action to enforce payment of contributions and/or liquidated damages from Defendant, Defendant would pay all court and collection costs and reasonable attorneys' fees of 25% of the total contributions and liquidated damages due.

21.   It has been necessary for the Plaintiffs to engage counsel for the purpose of collecting said contributions and liquidated damages, and Plaintiffs are entitled to reasonable attorney's fees in connection therewith.

WHEREFORE, Plaintiffs pray for relief and judgment against Defendant REGINALD S. LEITE, JR., individually, and doing business as RSL DRYWALL ("Defendant"), as to the First and Second Causes of Action hereinabove set forth, as follows:

1.   That the Court order Defendant to submit timely reports and payments in accordance with said agreement(s).

2.     That the Court orders Defendant to permit Plaintiffs to audit its payroll books and records for the period of February 2017 through present in accordance with said agreement(s).

3.     That the Court award to Plaintiffs and against Defendant such amounts as may be determined to be due and owing after the necessary reports have been provided, and/or after the necessary payroll audit has been provided, plus such other amounts as may be due and owing at the time of trial or proof.

4.     That the Court award to Plaintiffs and against Defendant interest at the rate prescribed under 26 U.S.C., on such amounts determined to be due and owing after the necessary reports have been provided, and/or after the necessary payroll audit has been permitted, said interest to be calculated as of the date(s) such amounts were due pursuant to said agreement(s).  29 U.S.C. § 1132(g).

5.     That the Court orders and compels Defendant to furnish to each of the six (6) Plaintiffs trust funds a surety bond or cash-in-escrow in the amount equal to Defendant's last three (3) months of contributions or $1,000.00, whichever is greater.

11

6.      That the Court award the Plaintiffs and against the Defendant the sum of $40,048.49 in contributions relating to covered work performed by employees of Defendant for August 2018 to May 2019 (reports) plus interest on said contributions at the rate prescribed under the 26 U.S.C. § 6621 of $868.35, through June 26, 2019, and at $6.58 per diem thereafter.

7.      That the Court award the Plaintiffs and against the Defendant liquidated damages for August 2018 to May 2019 (reports) as provided in said agreement(s) of $2,290.75, or an amount equal to interest (computed at the rate prescribed under 26 U.S.C. § 6621, whichever is greater), on any unpaid contributions due and owing pursuant to said agreement(s), whichever amount is greater.  29 U.S.C § 1132(g).

8.      For judgment against Defendant for the amount of $43,207.59, plus interest on said report contributions from June 26, 2019 at $6.58  per diem (or at the current 26 U.S.C. § 6621 interest rate) until entry of judgment thereon and collection costs, costs of court, additional interest that may accrue on past due

contributions, and reasonable attorney's fees of 25% of the total contributions and liquidated damages due under said agreement(s).

9.     That the Court award the Plaintiffs and against the Defendant such additional amounts, including, but not limited to, interest on any additional audit or report contributions from their due dates, as may, by proof, be shown to be due and owing at the time of trial or proof.

10.     That the Court award the Plaintiffs and against the Defendant all collection costs, costs of court and reasonable attorney's fees pursuant to said agreement(s) or other laws. 29 U.S.C. § 1132(g).

11.     That the Court order and award any further and additional relief as the Court deems proper.

DATED:  Honolulu, Hawaii,_____June 28, 2019_____.

WEINBERG, ROGER &
ROSENFELD

*/S/ ASHLEY K. IKEDA*

By_____
ASHLEY K. IKEDA
JERRY P.S. CHANG
Attorneys for Plaintiffs
TRUSTEES OF THE HAWAII
TAPERS' TRUST FUND

13