IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII TAPERS' TRUST FUNDS, ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> REGINALD S. LEITE, JR., INDIVIDUALLY, AND DOING BUSINESS AS RSL DRYWALL, <br><br> Defendant. | CIVIL NO. 19-00334 ACK-WRP <br><br> FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT REGINALD S. LEITE, JR., INDIVIDUALLY, AND DOING BUSINESS AS RSL DRYWALL |

FINDINGS AND RECOMMENDATION TO GRANT
IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANT REGINALD S.
LEITE, JR., INDIVIDUALLY, AND DOING BUSINESS AS RSL DRYWALL

Before the Court is Plaintiffs' Motion for Default Judgment Against Defendant Reginald S. Leite, Jr., individually, and doing business as RSL Drywall, filed on January 6, 2020 (Motion). See ECF No. 19. The Court found the Motion suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice of the United States District Court for the District of Hawaii. See ECF No. 20. The Court FINDS and RECOMMENDS that Plaintiffs' Motion be GRANTED IN PART and DENIED IN PART.[1]

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written

## BACKGROUND

According to the Complaint, Defendant Reginald S. Leite, Jr., Individually, and Doing Business as RSL Drywall entered into an agreement to contribute and pay to Plaintiffs certain amounts for employee benefits for work performed by Defendant's covered employees and to submit certain paperwork to Plaintiffs so that they could audit the amounts paid by Defendant (the Agreement). See ECF No. 1 ¶¶ 6, 7.  The Agreement required contributions to be paid monthly. See id. ¶ 9.  Plaintiffs claim that Defendant failed to submit the required paperwork and failed to make the required contributions from August 2018 through May 2019.  See id. ¶¶ 12, 15-16.  Plaintiffs further allege that Defendant may owe additional contributions, but those amounts are unknown because Defendant has refused to submit the required reports.  See id. ¶ 17.  Plaintiffs request an order directing Defendant to provide certain documentation to Plaintiffs and an award for unpaid contributions, interest, liquidated damages, and attorneys' fees and costs. See id. at 10-13.

The Clerk entered default against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on November 19, 2019.  See ECF No. 17.

---

objections in the United States District Court.  A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

This Motion followed.

## DISCUSSION

Default judgment may be entered if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]" Fed. R. Civ. P. 55(b)(1), (2). The granting or denial of a motion for default judgment is within the discretion of the court. See Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986). Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. See Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).

### A. Jurisdiction

Before considering the merits of default judgment, the Court has an affirmative obligation to determine whether it has subject matter jurisdiction over this action and personal jurisdiction over Defendant. See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place."). Here, the Court has subject matter jurisdiction over Plaintiffs' federal claims under the Employee Retirement Income Security Act. See 29 U.S.C. §§ 1401(b)(1). The Court has personal jurisdiction over Defendant because Plaintiffs allege that Defendant is a

3

Hawaii resident doing business and because the Court finds that Defendant was properly served by publication. See ECF Nos. 1, 19-1 at 5; Haw. Rev. Stat. § 634-36.

### B. Default Judgment Factors

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate. The court should consider the following factors in deciding whether to grant a motion for default judgment:

(1) the possibility of prejudice to the plaintiff;
(2) the merits of plaintiff's substantive claim;
(3) the sufficiency of the complaint;
(4) the sum of money at stake in the action;
(5) the possibility of a dispute concerning material facts;
(6) whether the default was due to excusable neglect; and
(7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

See Eitel, 782 F.2d at 1471-72 (the Eitel factors).

On default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977)). The allegations as to liability are deemed true, but the plaintiff must establish the relief to which it is entitled. See Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Also, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not

established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)).

### 1. The Possibility of Prejudice to Plaintiffs

The first factor considers whether Plaintiffs would suffer prejudice if default judgment is not entered. See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, absent entry of default judgment, Plaintiffs would be without any other recourse for recovery. Accordingly, the first Eitel factor favors default judgment.

### 2. Merits of Plaintiffs' Substantive Claims

For purposes of liability, the factual allegations in the complaint are taken as true on default. See TeleVideo Sys., Inc., 826 F.2d at 917-18; Fair Hous. of Marin, 285 F.3d at 906. Here, the allegations in Plaintiffs' Complaint, taken as true, establish that Plaintiffs are entitled to default judgment against Defendant.

First, Plaintiffs seeks declaratory judgment that Defendant is required to produce certain documentation to Plaintiffs for audit. See ECF No. 1 ¶¶ 7-13. Plaintiffs allege that the Agreement requires Defendant to submit monthly reports to Plaintiffs regarding his covered employees. See id. ¶ 7. Plaintiffs allege that Defendant failed to submit the required documentation during the period of August 2018 through November 2019. See id. ¶¶ 11-13; ECF No. 19-3 ¶ 12.

Second, Plaintiffs assert claims against Defendant for unpaid

contributions, interest, liquidated damages, and attorneys' fees owed to Plaintiffs under the terms of the Agreement.  See 29 U.S.C. §§ 1132(a), 1145; ECF No. 1 ¶¶ 14-21.  Plaintiffs allege that the terms of the Agreement require Defendant to pay to Plaintiffs certain contributions based on work performed by Defendant's covered employees.  See ECF No. 1 ¶ 15.  Plaintiffs allege that the terms of the Agreement also provide that if Defendant fails to pay the required contributions, Defendant is required to pay liquidated damages and attorneys' fees and costs.  See id. ¶¶ 19-21.

After considering the allegations in the Complaint, this second factor weighs in favor of default judgment because the allegations, taken as true, are sufficient to establish Plaintiffs' claims.

### 3.     Sufficiency of the Complaint

The allegations in the Complaint are sufficiently pled and supported by the documents filed with the Complaint and the Motion.  The Court finds that the sufficiency of the Complaint weighs in favor of default judgment.

### 4.     Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct."  PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472).  Here, Plaintiffs seek $42,599.50 in unpaid contributions, $2,488.72 for liquidated damages, $1,813.38 in interest, plus per

6

diem interest of $4.81 from December 26, 2019 until entry of judgment, and $32,850.73 in attorneys' fees and costs. See ECF No. 19-1 at 8-9; ECF No. 19-5 at 6. Plaintiffs' damages request is tailored to Defendant's specific wrongful conduct in failing to pay the required contributions. The Court finds that this factor too weighs in favor of default judgment.

### 5.  Possibility of Dispute Concerning Material Facts

The well-pled factual allegations of the Complaint, except those relating to the amount of damages, will be taken as true. TeleVideo Sys., Inc., 826 F.2d at 917-18. Defendant has been given a fair opportunity to defend this action and has not done so. Because no dispute has been raised regarding Plaintiffs' material factual allegations, this factor favors default judgment.

### 6.  Whether Default was Due to Excusable Neglect

The Court finds that Defendant's default was not the result of excusable neglect. Defendant's default was not the result of any excusable neglect, but rather due to his conscious and willful decision not to defend this action. Defendant failed to defend this action and default was entered against him. See ECF No. 17. This factor too favors default judgment.

### 7.  Policy Favoring Decisions on the Merits

Defendant's default renders a decision on the merits impractical, if not impossible. Under Rule 55, "termination of a case before hearing the merits is

7

allowed whenever a defendant fails to defend an action." PepsiCo., Inc., 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D. Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh Eitel factor is not alone dispositive").  Here, Defendant has failed to defend this action and has consequently rendered adjudication on the merits before this Court impracticable.  This factor does not preclude the Court from entering default judgment against Defendant.

### 8.  Totality of Eitel Factors

Accordingly, the Court finds that the totality of the Eitel factors weighs in favor of entering default judgment against Defendant.

### C.  Remedies

Although Defendant's default establishes liability, it does not establish all relief to which Plaintiffs are entitled.  See Fair Hous. of Marin, 285 F.3d at 906.  Plaintiffs must provide evidence to support their requested relief and that relief "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

Plaintiffs request declaratory relief as well as the following monetary damages: $42,599.50 in unpaid contributions, $2,488.72 for liquidated damages, $1,813.38 in interest, plus per diem interest of $4.81 from December 26, 2019 until entry of judgment, and $32,850.73 in attorneys' fees and costs.  See ECF No. 19-1

at 8-9; ECF No. 19-5 at 6.  Each category of requested relief is addressed below.

### 1.     Declaratory Relief

Plaintiffs request an order directing Defendant to submit certain documentation to Plaintiffs related to Defendant's failure to provide required monthly reports so that Plaintiffs can complete their audit of Defendant's contributions.  See ECF No. 1 at 10-11.  Plaintiffs attached a copy of the Agreement, which establishes a protocol for the reporting of monthly contributions and also establishes a policy for periodic auditing of Defendant's payroll and business records to determine the accuracy of Defendant's monthly reports.  See ECF No. 19-4 at 2.  In support of their request for declaratory relief, Plaintiffs submitted a declaration from their administrator who conducted a routine audit and determined that Defendant did not submit reports for August 2018 through November 2019.  See ECF No. 19-3 ¶ 12.  Plaintiffs ask the Court for an order directing Defendant to submit the required documentation.  See ECF No. 1 at 10.  Based on the documents and declarations submitted in support of the Motion, the Court finds Plaintiffs have established that they are entitled to declaratory judgment as requested.

### 2.     Delinquent Contributions

Plaintiffs contend that Defendant owes delinquent contributions in the amount of $42,599.50.  Plaintiffs submitted a declaration from their administrator

and a summary ledger reflecting the balances due.  See ECF Nos. 19-3, 19-5.  The summary submitted by Plaintiffs reflect $42,599.50 in outstanding contributions.  See ECF No. 19-5 at 6.  The Court finds Plaintiffs have established damages in the amount of $42,599.50 for delinquent contributions.

### 3. Liquidated Damages

Plaintiffs next seek liquidated damages of $2,488.72.  The declaration and summary submitted by Plaintiffs reflects $2,488.72 owed in liquidated damages.  See ECF Nos. 19-3, 19-5.  The Court finds Plaintiffs have established damages in the amount of $2,488.72 for liquidated damages.

### 4. Interest

Plaintiffs next seek interest of $1,813.38 plus per diem interest of $4.81 from December 26, 2019 until entry of judgment.  The declaration and summary submitted by Plaintiffs reflects $1,813.38 owed in interest and the declaration states that interest continues to accrue at a daily rate of $4.81.  See ECF Nos. 19-3, 19-5.  The Court finds Plaintiffs have established interest in the amount of $1,813.38 plus per diem interest of $4.81 from December 26, 2019 until entry of judgment.

### 5. Attorneys' Fees and Costs

An award of reasonable attorneys' fees and costs is mandatory in all successful actions to recover delinquent contributions under 29 U.S.C. § 1132(g)

and § 1145.  The Agreement requires Defendant to pay "for all court costs, necessary audit fees, and reasonable attorney's fees of 25% of the total amount of contributions and damages due" if it is necessary to take legal action to enforce submittal of reports and payments of contributions.  ECF No. 19-4 at 3.

  Plaintiffs' counsel submitted timesheets reflecting attorneys' fees of $26,780.00 incurred in this action.  See ECF Nos. 19-2, 19-6 at 10.  Reasonable attorney's fees are generally based on the traditional "lodestar" calculation, which multiplies (1) a reasonable hourly rate by (2) the number of hours reasonably expended.  See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000).

  It is the responsibility of the fee applicant to submit evidence to support the requested hourly rate.  See Camacho v. Bridgeport Fin., Inc., 523 F. 3d 973, 980 (9th Cir. 2008).  Mr. Ikida is an attorney with 39 years of experience and a billing rate of $275.00 per hour.  See ECF No. 19-2 ¶ 5.  Mr. Chang is an attorney with 24 years of experience and a billing rate of $275.00 per hour.  See ECF No. 19-2 ¶ 6.  Mr. Nathan is a paralegal with 18 years of experience and a billing rate of $125.00 per hour.  See ECF No. 19-2 ¶ 7.  Counsel submitted an affidavit that asserts that the requested rates are reasonable and appropriate in this jurisdiction.  See ECF No. 19-2.  Affidavits by counsel regarding the prevailing rates in the community are satisfactory evidence of the prevailing rate.  See

Camacho, 523 F. 3d at 980.  Accordingly, the Court finds the requested rates to be reasonable.

Beyond establishing a reasonable hourly rate, the fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked.  See Hensley, 461 U.S. at 437; Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir. 1992).  Plaintiffs' counsel requests in $26,780.00 in attorneys' fees for 97.6 hours billed by Mr. Ikeda, Mr. Chang, and Mr. Nathan.  See ECF No. 19-2 ¶ 7.  The Court has reviewed the timesheets submitted by counsel and finds the requested hours to be reasonable.

However, the Agreement limits attorneys' fees to 25% of the total amount of unpaid contributions and liquidated damages due.  See ECF No. 19-4 at 3.  The amount requested by Plaintiffs is greater than $11,272.01[1], which is 25% of the total amount of contributions and liquidated damages due.  Accordingly, the Court finds that Plaintiffs are entitled to an award of $11,272.01 in attorneys' fees.

Plaintiffs' counsel requests costs in the amount of $4,808.86.  See ECF Nos. 19-1 at 10, 19-6 at 12.  Plaintiffs' counsel submitted a schedule of costs reflecting $279.25 in costs for copies but did not include a description of the items

---

[1] $42,599.50 (Contributions) + $2,488.72 (Liquidated Damages) = $45,088.22. $45,088.22/4 = $11,272.01.

copied, the number of pages copied, or the intended use of the copies, as required by Local Rule 54.1(f)(4).  See ECF No. 19-6.  The Court therefore deducts $279.25 from the costs.  Plaintiffs also seek $5.90 in costs for electronic research.  See id.  Electronic research costs are not taxable.  See LR54.1(f)(5).  Accordingly, the Court deducts $5.90 from Plaintiffs' costs. The Court has reviewed the remainder of the submitted costs and finds them to be warranted.  The Court finds that Plaintiffs are entitled to an award of $4,523.71 in costs.

CONCLUSION

The Court FINDS and RECOMMENDS that Plaintiffs' Motion for Default Judgment Against Defendant Reginald S. Leite, Jr., Individually, and Doing Business as RSL Drywall be GRANTED IN PART and DENIED IN PART as follows:

(1) The district court GRANT Plaintiffs' request for default judgment against Defendant;

(2) The district court ORDER Defendant to submit the monthly reports and required documentation during the period of August 2018 through November 2019 to Plaintiffs; and

(3) The district court AWARD Plaintiffs damages in the amount of $42,599.50 for unpaid contributions, $2,488.72 for liquidated damages, $1,813.38 in interest plus per diem interest of $4.81 from December 26, 2019 until entry of

judgment, $11,272.01 in attorneys' fees, and $4,523.71 in costs against Defendant.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, FEBRUARY 20, 2020.



Wes Reber Porter
United States Magistrate Judge

**HAWAII TAPERS' TRUST FUNDS, ET AL. v. LEITE; CIVIL NO. 19-00334 ACK-WRP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT REGINALD S. LEITE, JR., INDIVIDUALLY, AND DOING BUSINESS AS RSL DRYWALL**