IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI`I

HAWAII TAPERS' TRUST FUNDS, ET AL. )
)
            Plaintiffs, )
   v. ) Civ. No. 19-00334 ACK-WRP
)
REGINALD S. LEITE, JR., )
Individually, and doing business )
As RSL Drywall, )
)
           Defendant. )

### ORDER ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION

For the reasons set forth below, the Court ADOPTS the Magistrate Judge's Findings and Recommendation, ECF No. 21, issued by Magistrate Judge Wes Reber Porter on February 20, 2020.

### BACKGROUND

Plaintiffs Trustees of the Hawaii Tapers' Trust Funds ("Plaintiffs") filed a motion for default judgment on January 6, 2020 (the "Motion"). ECF No. 19. Plaintiffs argued that they were entitled to a default judgment against Defendant Reginald S. Leite, Jr. ("Defendant"), individually and doing business as RSL Drywall, under a collective bargaining agreement to which Defendant was a signatory (the collective bargaining agreement and the separate letter agreement binding Defendant thereto are

1

referred to collectively as the "Agreement"). ECF No. 19-1 at 5-6.

Under the Agreement, Defendant agreed to contribute and pay to Plaintiffs certain amounts for employee benefits for work performed by Defendant's covered employees. ECF No. 19-1 at 6. Defendant further agreed to submit paperwork enabling Plaintiffs to audit the amounts paid. ECF No. 19-1 at 6-7. Under the Agreement, if Defendant failed to pay the required contributions, it would be subject to liquidated damages and required to pay Plaintiffs' attorney's fees and costs. ECF No. 19-1 at 7. Plaintiffs' Motion seeks the recovery of unpaid trust fund contributions, liquidated damages, interest, and attorney's fees and costs. ECF No. 19-1 at 1-2. Plaintiffs' Complaint additionally seeks a court order that would require Defendant to submit timely reports and payments, and permit Plaintiffs to audit its payroll books and records. Compl. at 10-11.

On February 20, Judge Porter filed his "Findings and Recommendations to Grant in Part and Deny in Part Plaintiffs' Motion for Default Judgment," (the "F&R"). ECF No. 21. The F&R found that Plaintiffs are entitled to default judgment against Defendant and the following relief: (1) a declaratory judgment directing Defendant to submit reports for August 2018 through November 2019; (2) delinquent contributions in the amount of

$42,599.50; (3) liquidated damages in the amount of $2,488.72; (4) interest in the amount of $1,813.38 plus per diem interest of $4.81 from December 26, 2019, until entry of judgment; and (5) attorney's fees in the amount of $11,272.01 and costs in the amount of $4,523.71. ECF No. 21 at 9-13.

With regard to attorney's fees, Plaintiffs' Motion requested $26,780.00. See ECF No. 19-2 at 4. The F&R found that the attorney's fees requested were reasonable, but found that the Agreement limits any attorney's fees to 25 percent of the total amount of contributions and damages due. F&R at 10-11. The F&R therefore recommends limiting attorney's fees to $11,272.01, which is 25 percent of the total amount of contributions and liquidated damages it found due. F&R at 12. On March 3, Plaintiffs filed an objection to this portion of the F&R, stating they are properly entitled to the full claim for attorney's fees—$26,780.00—rather than the reduced amount awarded pursuant to the Agreement. ECF No. 22.

The Court decides this matter without a hearing pursuant to LR 7.1(d).

## **STANDARD OF REVIEW**

The district court may accept those portions of a magistrate judge's findings and recommendation that are not objected to if it is satisfied that there is no clear error on

the face of the record.  United States v. Bright, Civ. No. 07-00311 ACK-KSC, 2009 WL 5064355, at *3 (D. Haw. Dec. 23, 2009); Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003).

When a party objects to a magistrate judge's findings and recommendation, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72; L.R. 74.1.  Under a de novo standard, a district court "review[s] the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered."  Freeman v. DirecTV, Inc., 457 F.3d 1001, 1004 (9th Cir. 2006).

**DISCUSSION**

I.   **Calculation of Attorney's Fees**

   a. **Entitlements Under ERISA**

Plaintiffs argue that they are entitled to the full award of reasonable attorney's fees available under ERISA as calculated by the lodestar method, rather than the limited amount provided for the in Agreement.

ERISA provides the following:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a

4

>           collectively bargained agreement shall, to the
>           extent not inconsistent with law, make such
>           contributions in accordance with the terms and
>           conditions of such plan or such agreement.

29 U.S.C. § 1145.  Where an action is brought on behalf of a plan to enforce this provision, and a judgment in favor of the plan is awarded, ERISA provides for mandatory "reasonable attorney's fees and costs of the action, to be paid by the defendant."  29 U.S.C. § 1132(g)(2)(D); see also Trs. of Const. Indus. & Laborers Health & Welfare Tr. v. Redland Ins. Co., 460 F.3d 1253, 1256 (9th Cir. 2006).

Federal courts typically apply a lodestar method to calculate reasonable fees.  See Hensley v. Eckerhart, 461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983); Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1119 (9th Cir. 2000); see also Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000) (applying this approach to determine reasonable attorney's fees under § 1132(g)(1)).[1/]  The lodestar method takes the number of hours reasonably expended on the litigation and multiplies it by the reasonable hourly rates.  Id.

---

[1/] The Ninth Circuit applies a hybrid lodestar/multiplier approach, which first requires the calculation of the reasonable rates multiplied by reasonable hours, and second considers whether the case warrants an upward or downward multiplier based on factors not subsumed in the lodestar.  Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000). Judge Porter did not apply a multiplier in this case, Plaintiffs have not objected to this, and the Court does not find one to be warranted.  The Court therefore does not further consider the issue of multipliers.

### b. Fees Requested by Plaintiffs

Plaintiffs here submitted hourly rates for each of two attorneys at $275.00 per hour and an hourly rate for a paralegal at $125.00 per hour. ECF No. 19-2 at ¶¶ 5-7. Plaintiffs asserted that, at these rates, for a total of 97.6 hours worked, they were entitled to $26,780.00 in fees. Analyzing the matter under the lodestar approach, Judge Porter found that the submitted hourly rates and number of hours worked were reasonable.

But Judge Porter went on to find that the Agreement limited the fee award in this case. The Agreement provides the following:

> If it is necessary to take legal action to enforce submittal of reports and payment of contributions and damages by an Employer, such Employer shall pay for all court costs, necessary audit fees, and reasonable attorney's fees of 25% of the total amount of contributions and damages due.

ECF NO 19-4 at 3. Judge Porter therefore awarded fees at that 25-percent rate, totaling $11,272.01.

Plaintiffs contend that this was a mistake. Essentially, Plaintiffs argue that the provision in the Agreement predetermining reasonable attorney's fees as 25 percent of the total contributions and damages due should be voided and replaced by the Court's calculation of a reasonable rate under the lodestar method.

### c. Legal Analysis

Plaintiffs' arguments fail for two reasons. First, in a default judgment Plaintiffs are limited to the relief sought in the Complaint. Plaintiffs' Complaint sought attorneys' fees at the 25 percent rate, not the lodestar rate. Second, even considering the merits of Plaintiffs' objections, the Court finds that an upward departure from the contracted-for attorney's fees is overly punitive and not warranted.

#### i. Default Judgments are Limited to the Relief Sought in the Complaint

In the Complaint, Plaintiffs state the Agreement requires Defendant to pay "reasonable attorneys' fees of 25% of the total contributions and liquidated damages due." Compl. at 10, ¶ 20. In the prayer for relief, Plaintiffs accordingly seek "reasonable attorney's fees of 25% of the total contributions and liquidated damages due under said agreement(s)." Compl. at 13, ¶ 8. Federal Rule of Civil Procedure 54(c) limits the relief that can be obtained in a default judgment to that relief sought in the complaint. Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."); see also In re Ferrell, 539 F.3d 1186, 1192 (9th Cir. 2008) (holding it "would violate Rule 54(c)" to award attorney's fees under a statute different from that identified in the complaint

"by imposing a default judgment on grounds that differ from what was 'demanded in the pleadings.'" (quoting Rule 54(c))).

Accordingly, Plaintiff may only obtain attorney's fees of 25 percent of the total contributions and damages due under the Agreement, as awarded by Judge Porter.

### ii. Plaintiffs' Request for Upward Departure from Attorney's Fees in the Agreement

Even in the absence of the Rule 54(c) limitation, the Court would award attorney's fees at the 25 percent rate.

To support their argument for higher lodestar fees, Plaintiffs cite to Bourgal v. Lakewood Haulage Inc., 827 F. Supp. 126 (E.D.N.Y. 1993). As is the case here, the plaintiffs in Bourgal sought mandatory fees under § 1132(g)(2)(D). Id. at 129. And, similar to the case here, the collective bargaining agreement at issue predetermined reasonable attorney's fees as 25 percent of contributions and interest due. Id. at 128. The court therefore had to determine "whether parties to a freely-bargained collective bargaining agreement may designate 'reasonable' attorneys fees as a set percentage of the defendant's outstanding contributions and amounts owed and therefore remove the assessment of reasonableness from the court." Id. at 129.

Bourgal has one important distinction from the case before this Court. There, the lodestar figure was lower than

8

the 25 percent agreed to in the collective bargaining agreement. The court ultimately awarded the lower lodestar figure rather than the 25 percent rate agreed to in the collective bargaining agreement at least in part by explaining that ERISA fee awards are not meant to be punitive. Here, Plaintiffs seek the lodestar figure because that amount is more than double the 25 percent agreed to in their contract.

The Eastern District of New York has continued to apply the <u>Bourgal</u> approach, but in September 2019 a magistrate judge raised the theoretical departure from <u>Bourgal</u> in a case where plaintiffs sought fees <u>above</u> those agreed to in a collective bargaining agreement. The court explained that <u>Bourgal</u> held "only that attorney's fees cannot be <u>inflated</u> by virtue of these kinds of provisions." <u>Annuity, Pension, Welfare, Training & Labor Mgmt. Cooperation Tr. Funds of Int'l Union of Operating Engineers, Local 14-14B, AFL-CIO by Christian v. Coastal Envtl. Grp. Inc.</u>, No. 18CIV5773AMDST, 2019 WL 4603805, at *14 (E.D.N.Y. Sept. 5, 2019) (emphasis in original), <u>report and recommendation adopted sub nom. Annuity, Pension, Welfare, Training & Labor Mgmt. Cooperation Tr. Funds of Int'l Union of Operating Engineers v. Coastal Envtl. Grp. Inc.</u>, No. 18-CV-5773 (AMD)(ST), 2019 WL 4602851 (E.D.N.Y. Sept. 23, 2019).

The court nevertheless awarded the lodestar figure,

9

thereby permitting an upward departure from the percentage figure agreed to in the collective bargaining agreement.  Id. It relied on the absence of any prior authority deviating from its own precedent in Bourgal and the fact that fee awards under § 1132(g)(2)(D) of ERISA lay within the discretion of a district judge.  Id. at *14 and n.9.  In a footnote, the court nevertheless cautioned that it was "aware of no reason why its exercise of discretion, compliance with ERISA [§ 1132(g)(2)], and avoidance of punitive attorney's fee awards should compel it to disregard contractual fee award provisions entirely in cases where such provisions threaten to limit presumptively reasonable fee awards rather than inflate them."  Id. at n.9.  The court observed that, "insofar as such fee award caps exist as features of freely-bargained agreements, it is not hard to imagine that the Court's categorical disregard for these provisions could cheapen the value of the contractual instruments giving rise to plaintiffs' ERISA claims in the first place."  Id.

The Court is not aware of—and Plaintiffs have not cited—any Ninth Circuit authority applying Bourgal, and the Court agrees with the concerns raised by the Eastern District of New York in Coastal Environmental Group.[2/]  The parties here

---

[2/] Although it does not address an identical issue, the Court notes that the Central District of California has conflicted precedent on whether to deviate from the lodestar approach when awarding attorney's fees in a default judgment ERISA case.  The Central District of California has a local rule
(Continued . . .)

freely agreed to a predetermined rate of reasonable fees at 25 percent of the contributions and damages owed.  In its exercise of discretion, the Court finds that amount to be reasonable.  Exceeding the amount of fees the parties previously agreed to in their contract would be punitive, and ERISA does not authorize punitive fee awards.  <u>Landwehr v. DuPree</u>, 72 F.3d 726, 735 (9th Cir. 1995).

    The Court notes that its ruling is limited to the situation before it here, where attorneys seek to inflate fee awards contractually provided for, and it does not reach the issue of whether a downward departure from a predetermined fee award would be warranted by a lodestar calculation.

    Accordingly, the Court ADOPTS the F&R's award of attorney's fees at the 25-percent rate agreed to in the Agreement, and awards $11,272.01.

---

setting a schedule of attorney's fees in default judgment cases.  Central District of California L.R. 55-3.  While one court applied the local rule instead of the lodestar approach, another chose the lodestar approach over the local rule's fee schedule.  <u>Compare</u> <u>Trustees of Operating Engineers Pension Tr. v. Hunsaker Land Surveying, Inc.</u>, No. SACV1500140CJCDFMX, 2015 WL 13763861, at *3 (C.D. Cal. June 11, 2015) (permitting an upward departure from the local rule's fee schedule "[i]n view of the Ninth Circuit's adoption of the hybrid lodestar/multiplier approach for awarding attorneys' fees in ERISA actions, and ERISA's purpose to secure important benefits for covered employees") <u>with</u> <u>Trustees of S. California Pipe Trades Health & Welfare Tr. Fund v. IPS Plumbing Corp.</u>, No. CV1204404RGKPJWX, 2012 WL 13014606, at *3 (C.D. Cal. Dec. 18, 2012) (applying the fee schedule from the local rule rather than the lodestar approach).
    Neither case involved a provision in the agreement at issue that predetermined the amount of reasonable attorney's fees, which distinguishes them from the case here.

**II. Remainder of the F&R**

Plaintiffs have not submitted any additional objections to the F&R and the Court finds no clear errors. The Court ADOPTS the remainder of the F&R.

**CONCLUSION**

Plaintiffs are awarded damages in the amount of $42,599.50 for unpaid contributions, $2,488.72 for liquidated damages, $1,813.38 in interest plus per diem interest of $4.81 from December 26, 2019 until entry of judgment, $11,272.01 in attorney's fees, and $4,523.71 in costs against Defendant.

IT IS SO ORDERED.

DATED: Honolulu, Hawai`i, March 25, 2020.



_____
Alan C. Kay
Sr. United States District Judge

Hawaii Tapers' Trust Funds, et al. v. Reginald S. Leite, Jr., individually, and doing business as RSL Drywall, Civ. No. 19-00334 ACK-WRP, Order Adopting Magistrate Judge's Findings and Recommendation.